IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-42-FL

| | |
|---|---|
| ANGELA SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 20, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, denies plaintiff's motion, and grants defendant's motion.

**BACKGROUND**

On February 26, 2013, plaintiff protectively filed applications for disability insurance benefits and supplemental security income, alleging disability beginning July 31, 2012. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held July 8, 2015, denied plaintiff's claims by decision entered February 9, 2016. Following the ALJ's denial of her applications, plaintiff timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's request,

leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). "[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." Ivey v. Barnhart, 393 F.Supp.2d 387, 390 (E.D.N.C. 2005) (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ

found plaintiff had not engaged in substantial gainful activity since July 31, 2012. At step two, the ALJ found plaintiff had the following severe impairments: degenerative disc disease; obesity; and depression. At step three, the ALJ determined these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work, with the following exceptions:

> she can lift and carry or push/pull 20 pounds occasionally and 10 pounds frequently. She can sit, stand and/or walk for at least six hours each during a routine, eight-hour workday. She can occasionally engage in postural activities. The claimant can perform simple, routine, repetitive work tasks, meaning tasks which apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form, with the ability to deal with problems involving several concrete variables in or from standardized situations. The claimant can occasionally interact with coworkers and supervisors. She cannot maintain sustained interaction with the general public. The claimant should not work in a fast-paced or production based work environment, but can do entry level or goal oriented work.

(Tr. 25).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

In her sole objection, plaintiff argues that the ALJ failed to properly calculate her RFC.[1] Specifically, plaintiff argues that the ALJ should have considered her use of a cane when determining her ability to work, based on a finding that her cane was medically necessary.

In making the RFC determination, the ALJ must identify the claimant's "functional

---

[1] Plaintiff does not object to the magistrate judge's finding that ALJ Hall's hypothetical questions to the VE properly account for Scott's limitations in concentration, persistence, or pace. Because plaintiff does not object to the magistrate judge's finding, the court does not conduct a de novo review of the portion of the M&R pertaining to that finding. See 28 U.S.C. § 636(b)(1)(B).

limitations or restrictions" and assess his "work-related abilities on a function-by-function basis, including the functions listed in the regulations." Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 254 (4th Cir. 2017). "The requirement to use a hand-held assistive device may ... impact ... the individual's functional capacity...." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.00J4. In order for plaintiff to prove that "a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9P, 1996 WL 374185 at *7.

The ALJ expressly noted plaintiff's use of cane in summarizing the record of evidence presented. (Tr. 26) ("She reported she uses a cane some of the time that was prescribed the day she was released from the hospital in 2014. The claimant indicated Dr. Miller prescribed the cane and told to her use it when needed."). Based on the limited evidence in the record, the ALJ did not make further findings that the cane was medically required and did not account for it in assessing plaintiff's RFC.

The evidence proffered by plaintiff in the proceedings below does not establish that her cane was medically required. The medical documentation that plaintiff submitted for the ALJ's consideration was record of a prescription for a cane on or about May 21, 2014. (Tr. 941-42). The documentation indicates the cane was prescribed as a temporary measure to allow her to transition from "walker to cane to no assistive devices." (Tr. 942). Moreover, patient's subsequent visit to the doctor's office on or about June 25, 2014 documented a that the incision in her legs was "well healed" and "neurologically intact" such that the doctor recommended that patient "progress from cane to no assistive devices." (Tr. 939-40). The limited objective medical evidence offered by plaintiff does not establish that plaintiff's cane is medically required for the purposes of determining disability.

The subjective evidence in the record also does not establish the medical necessity of plaintiff's cane. When plaintiff first filed her application disability insurance benefits and supplemental security income in 2013, she did not report that she required use of a cane. (Tr. 292). Moreover, when she testified before the ALJ in her hearing, plaintiff only stated that she "use[s] a cane sometimes." (Tr. 52). Upon further inquiry by the ALJ as to whether or not plaintiff was instructed by her doctor to use the cane on a permanent basis, plaintiff said "[n]ot permanent but just for a little while." (Tr. 53). Elaborating further, plaintiff explained that she used the cane "every so often because ... I have a tendency to fall." (Tr. 53). Plaintiff's limited testimony on her use of a cane does not establish that the cane was medically required such that the ALJ would have to consider it in formulating plaintiff's RFC. See SSR 96-9P, 1996 WL 374185 at *7.

The court is satisfied that the Commissioner's decision is supported by substantial evidence. Plaintiff's objection to the M&R is overruled.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the recommendation in the M&R, DENIES plaintiff's motion for judgment on the pleadings, (DE 20), and GRANTS defendant's motion for judgment on the pleadings, (DE 22). The clerk is DIRECTED to close this case.

SO ORDERED this the 25th day of September, 2018.

LOUISE W. FLANAGAN
United States District Judge